1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

G. DALLAS HORTON & ASSOCIATES,

                                    Plaintiff,

        v.

GLORIA ROMERO, et. al.,

                                    Defendants.

Case No. 2:12-cv-00989-MMD-VCF

ORDER

(Plf.'s Motion to Remand – dkt. no. 62)

I.    SUMMARY

        Before the Court is Plaintiff G. Dallas Horton & Associates' Motion to Remand. (Dkt. no. 62.)  The Motion is unopposed.  For the reason set forth below, the Motion is granted.

II.    BACKGROUND

        G. Dallas Horton & Associates ("Horton"), a law firm based in Clark County, Nevada, represented Gloria Romero in a lawsuit brought on Ms. Romero's behalf stemming from a January 19, 2006, automobile accident.  (*See* dkt. no. 1-1 at ¶ 5.) Horton filed this suit on February 10, 2012, in the Eighth Judicial District Court of Clark County, Nevada, against numerous defendants, seeking to recover attorney's fees from the $28,638.36 awarded in the litigation settlement.  (*See* dkt. no. 1-1 at ¶ 10.)  Horton alleges that Defendants claim various interests in the settlement amount, but that it is entitled to reimbursement prior to the distribution of the remaining funds to any Defendants.  (*Id.*)

On June 11, 2012, Defendant Unite Here Health ("UHH"), a Taft-Hartley Employee Benefit Trust Fund whose affairs are governed by the Employee Retirement Income Security Act of 1974, removed the action to this Court on the grounds that this Court retains federal question jurisdiction to hear Horton's claims against UHH and supplemental jurisdiction to hear the remaining claims against the remaining defendants. (*See* dkt. no. 1 at 4.)

On November 26, 2012, the Court granted Horton and UHH's stipulation to dismiss Horton's claim against UHH. (Dkt. no. 61.) Horton thereafter filed this Motion seeking to remand the remaining claims to state court. (Dkt. no. 62.) No Defendant opposes the Motion.

## III.   LEGAL STANDARD

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a). If removal was improper and the federal court lacks jurisdiction, the federal court must remand the case to state court. 28 U.S.C. § 1447(c). The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A district court analyzes jurisdiction "on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).

## IV.   DISCUSSION

After the dismissal of Horton's claims against UHH, only state law claims persist against the remaining Defendants. Based upon the Court's review of the record, no federal question exists in the claims against the remaining Defendants, and the requirements for diversity jurisdiction are not met as the amount in controversy does not appear to exceed $75,000. *See* 28 U.S.C. § 1332.

///

Although no basis for jurisdiction exists after dismissal of UHH, a district court in this circumstance may exercise its discretion to retain jurisdiction over the remaining state law claims. This may be appropriate in circumstances where the need for judicial economy counsels in favor of retaining jurisdiction over the remaining claims. As a result, dismissal of a lone jurisdiction-granting claim does not automatically render a federal court without jurisdiction to hear the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("It is well settled that a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings.").

Here, removal was not opposed by any defendant, and judicial economy would not be served by litigating the suit in this Court. The Court thus declines to exercise jurisdiction over the remaining state law claims. This matter is remanded to the state court for further proceedings.

## V.    CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff G. Dallas Horton & Associates' Motion to Remand (dkt. no. 62.) is GRANTED. The case is REMANDED to the Eighth Judicial District Court in Clark County, Nevada.

IT IS FURTHER ORDERED that the Clerk of Court close this case.

DATED THIS 14th day of January 2013

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE